## KLINE v. BAUENDAHL.

*Assignment — of claim by bankrupt — when debtor cannot object to.*

After a creditor of defendant was declared a bankrupt, he assigned his claim to plaintiff. No assignee in bankruptcy was appointed and the proceedings were afterward discontinued. *Held*, that as to defendant the assignment was valid, and he could not take the objection that it was against the policy of the bankrupt law.

Kline v. Bauendahl.

APPEAL by defendants from a judgment in favor of plaintiffs entered upon the report of a referee.

The action was brought by Adam W. Kline and others against Walter Bauendahl and others. Sufficient facts for an understanding of the point passed upon appear in the opinion.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. After the plaintiff's assignor, one Lee, had been declared a bankrupt, he assigned to the plaintiff the claim in controversy. No assignee in bankruptcy was, however, appointed; and before the trial of this action the bankruptcy proceeding was discontinued.

The defendants insist that the assignment of this claim to the plaintiff was, for these reasons, invalid. But although he had been adjudged a bankrupt, he was not thereby divested of his property. The title to it was still in him, and would not pass from him, at the soonest, until the appointment of an assignee in bankruptcy. Whatever retroactive effect the appointment of the assignee in bankruptcy might have is immaterial, as no assignee was appointed. So, too, if the assignment of this claim is contrary to the policy of the bankrupt law, that is a position to be taken by creditors, or by the assignee in bankruptcy for them. It cannot be taken by these defendants.

Upon the merits of the case there is no reason to disturb the findings of the referee. The questions were almost' exclusively questions of fact, and they are correctly found. There is nothing in the remittance of the check, and the receipt of it by Mr. Lee, sufficient to ratify sales which were made contrary to an express contract. As to the conversation between Lee and the defendants on the 16th of November, there is some conflict in the evidence; but the referee has taken the version given by Lee, and we think he was right in so doing.

The judgment should be affirmed.

*Judgment affirmed.*